ORAL ARGUMENT NOT YET SCHEDULED

Nos. 14-1049 and 14-1193
_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

UC HEALTH,

Petitioner,

v.

NATIONAL LABOR RELATIONS BOARD,

Respondent.

ON PETITION FOR REVIEW OF A DECISION AND ORDER OF THE
NATIONAL LABOR RELATIONS BOARD
CASE NUMBER 9-CA-110508
_____

**PETITIONER UC HEALTH'S OPENING BRIEF**
_____

Kerry P. Hastings
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, OH  45202-3957
Phone:  (513) 381-2838

Counsel for Petitioner UC Health

## CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES

### A.    Parties and Amici

The UC Health Public Safety Union ("Union") was the Charging Party and UC Health was the Respondent in the proceedings below before the National Labor Relations Board ("Board").  Before this Court, UC Health is the Petitioner and the Board is the Respondent.   No amici were involved in the proceedings below.  To date, no amici have sought to participate in the matter before this Court.

Pursuant to Circuit Rule 26.1, UC Health states that:  (1) UC Health is a non-profit corporation which provides healthcare; (2) UC Health has no parent corporation; and (3) there is no publicly held corporation that owns 10% or more of UC Health.

### B.    Rulings Under Review

UC Health seeks review of the Board's "Decision and Order" dated March 31, 2014 in UC Health, 360 NLRB No.71 (2014).

i

C.      **<u>Related Cases</u>**

The Board's decision at issue has not previously been before this Court or

any other court.  There are no cases related to this one currently pending in this

Court or any other court to UC Health's knowledge.

Respectfully submitted,

/s/ Kerry P. Hastings
Kerry P. Hastings
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, OH  45202-3957
Phone:  (513) 381-2838
Fax:  (513) 381-0205
E-mail:  hastings@taftlaw.com

Attorney for Petitioner UC Health

ii

# <u>TABLE OF CONTENTS</u>

<u>**Page**</u>

CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES ............. i

    A.   Parties and Amici ............................................................................. i

    B.   Rulings Under Review ........................................................................ i

    C.   Related Cases .................................................................................. ii

TABLE OF AUTHORITIES ...................................................................... v

GLOSSARY ............................................................................................ vii

JURISDICTIONAL STATEMENT ............................................................ 1

STATEMENT OF ISSUES ....................................................................... 1

STATUTES AND REGULATIONS .......................................................... 1

STATEMENT OF FACTS ......................................................................... 3

SUMMARY OF ARGUMENT .................................................................. 3

STANDING .............................................................................................. 4

ARGUMENT ............................................................................................ 4

    A.   Standard Of Review ........................................................................ 4

    B.   The Board Lacked A Quorum On April 24, 2013, And Therefore The Authority To Certify The Union, Because The President's January 2012 Recess Appointments Were Unconstitutional. ................... 5

iii

C.    In The Absence Of A Board Quorum, The Regional Director Did Not Have Authority To Certify The Union. ................................................5

    1.    This Court ruled in Laurel Baye that when the Board lacks a quorum, the Board's delegees have no authority to act. ..............6

    2.    This Court must follow its ruling in Laurel Baye. .........................8

        a.    The Supreme Court has not overruled Laurel Baye. .............9

        b.    The Board's reliance on non-binding precedent of other circuit courts is misplaced. ......................................9

    3.    Congress intended the authority of regional directors in representation cases to be subject to the Board quorum requirement ...................................................................................11

CONCLUSION ........................................................................................13

CERTIFICATE OF COMPLIANCE ......................................................14

CERTIFICATE OF SERVICE .............................................................15

iv

# TABLE OF AUTHORITIES[1]

**Page**

## Cases

Brewster v. Comm'r, 607 F.2d 1369 (D.C. Cir. 1979)................................................8

ConAgra, Inc. v. NLRB, 117 F.3d 1435 (D.C. Cir. 1997) .......................................4

Frankl v. HTH Corp., 650 F.3d 1334 (9th Cir. 2011) .............................................10

Khairkhwa v. Obama, 703 F.3d 547 (D.C. Cir 2012) ...........................................8

Kreisberg v. Healthbridge Mgmt., LLC, 732 F.3d 131 (2d Cir. 2013) .................10

La Pub. Serv. Comm'n v. FERC, 522 F.3d 378 (D.C. Cir. 2008) ...........................8

*Laurel Baye Healthcare of Lake Lanier, Inc. v. NLRB,
564 F.3d 469 (D.C. Cir. 2009) ...............................................................4, 6-7, 11-13

LaShawn A. v. Barry, 87 F.3d 1389 (D.C. Cir. 1996) ..............................................8

New Process Steel, L.P. v. NLRB, 560 U.S. 674 (2010) .......................................5, 9

NLRB v. J.S. Carambola, LLP, 457 Fed. Appx. 145 (3d Cir. 2012) ......................5

*NLRB v. Noel Canning, 134 S. Ct. 2550 (2014) ..................................................3, 5

Osthus v. Whitsell Corp., 639 F.3d 841 (8th Cir. 2011) ........................................10

Overstreet v. El Paso Disposal, LP, 625 F.3d 844 (5th Cir. 2010) .......................10

Roberts v. U.S., 741 F.3d 152 (D.C. Cir. 2014) ......................................................8

Thompson v. Thompson, 244 F.2d 374 (D.C. Cir. 1957).........................................8

United States v. Caldwell, 543 F.2d 1333 (D.C. Cir. 1974) ....................................8

United States v. Bryant, 471 F.2d 1040 (D.C. Cir. 1972) ......................................8

---

[1] Authorities upon which we chiefly rely are marked with asterisks.

v

**<u>Statutes</u>**

29 U.S.C. § 153(b) ......................................................................... 5, 10-12

29 U.S.C. § 153(d). ...........................................................................10

29 U.S.C. § 160(f). .............................................................................4

vi

# **GLOSSARY**

"Act" means National Labor Relations Act.

"Board" means National Labor Relations Board.

"NLRA" mean the National Labor Relations Act

"Order" means the National Labor Relations Board's March 31, 2014 order in <u>UC Health</u>, 360 NLRB No. 71 (2014).

"Union" means UC Health Public Safety Union.

## JURISDICTIONAL STATEMENT

On March 31, 2014, the Board issued the Order in this case.  On April 3, 2014, UC Health filed the pending petition for review of the Board's Order.  The Board filed a cross-application for enforcement on October 6, 2014.  This Court consolidated UC Health's petition for review and the Board's cross-application for enforcement.

This Court has jurisdiction pursuant to 29 U.S.C. § 160(f).

## STATEMENT OF ISSUES

A.     Were the January 2012 recess appointments of Sharon Block and Richard Griffin to the Board constitutional?

B.     Did the Board have a quorum when it certified the Union on April 24, 2013?

C.     If the Board did not have a quorum, did the Regional Director nevertheless have authority to certify the Union on April 24, 2013?

## STATUTES AND REGULATIONS

29 U.S.C. § 153

(b)     Delegation of powers to members and regional directors; review and stay of actions of regional directors; quorum; seal

The Board is authorized to delegate to any group of three or more members any or all of the powers which it may itself exercise. The Board is also authorized to delegate to its regional directors its powers under section 159 of this title to determine the unit appropriate for the purpose of collective bargaining, to investigate and provide for hearings, and determine whether a question of representation exists,

1

and to direct an election or take a secret ballot under subsection (c) or (e) of section 159 of this title and certify the results thereof, except that upon the filing of a request therefor with the Board by any interested person, the Board may review any action of a regional director delegated to him under this paragraph, but such a review shall not, unless specifically ordered by the Board, operate as a stay of any action taken by the regional director. A vacancy in the Board shall not impair the right of the remaining members to exercise all of the powers of the Board, and three members of the Board shall, at all times, constitute a quorum of the Board, except that two members shall constitute a quorum of any group designated pursuant to the first sentence hereof. The Board shall have an official seal which shall be judicially noticed.

* * *

(d)     General Counsel; appointment and tenure; powers and duties; vacancy

There shall be a General Counsel of the Board who shall be appointed by the President, by and with the advice and consent of the Senate, for a term of four years. The General Counsel of the Board shall exercise general supervision over all attorneys employed by the Board (other than administrative law judges and legal assistants to Board members) and over the officers and employees in the regional offices. He shall have final authority, on behalf of the Board, in respect of the investigation of charges and issuance of complaints under section 160 of this title, and in respect of the prosecution of such complaints before the Board, and shall have such other duties as the Board may prescribe or as may be provided by law.

29 U.S.C. § 158

(a)     Unfair labor practices by employer
It shall be an unfair labor practice for an employer –

* * *

(5)     to refuse to bargain collectively with the representatives of his Employees, subject to the provisions of section 159(a) of this title.

2

## STATEMENT OF FACTS

On January 4, 2012, the President purportedly appointed Sharon Block, Richard Griffin, and Terence Flynn to the Board during an alleged recess of the Senate.  Mr. Flynn left the Board on July 24, 2012, and his seat remained vacant until August of 2013.  Ms. Block and Mr. Griffin remained on the Board until August of 2013.  They were never confirmed by the Senate.

On April 24, 2013, the Regional Director tried to certify the Union after the Union narrowly won an election involving certain UC Health public safety employees.  (Order at 1)  As of April 24, 2013, the Board lacked a quorum due to the unconstitutional recess appointments of Ms. Block and Mr. Griffin.  UC Health has refused to bargain with the Union in order to test the Union's certification because the Board lacked authority to certify the Union and had no authority to delegate to the Regional Director in the absence of a quorum.

## SUMMARY OF ARGUMENT

The President's recess appointments of Ms. Block, Mr. Griffin, and Mr. Flynn to the Board in January of 2012 were unconstitutional.  NLRB v. Noel Canning, 134 S. Ct. 2550 (2014).  As a result, the Board lacked a quorum until August of 2013 when the Senate confirmed enough nominees to the Board to restore a quorum.  Due to this lack of quorum, the Board had no authority to certify the Union on April 24, 2013.

3

The Regional Director's authority delegated under Section 3(b) of the NLRA ceased immediately upon the Board's loss of a quorum.  <u>Laurel Baye Healthcare of Lake Lanier, Inc. v. NLRB</u>, 564 F.3d 469 (D.C. Cir. 2009).  As a result, the Regional Director's purported certification of the Union on April 24, 2013 is void.  As the Union was never properly certified, UC Health had no duty to bargain with it.  So UC Health's petition for review should be granted and the Board's petition for enforcement should be denied.

**STANDING**

UC Health has standing to challenge the Order because it was the respondent before the Board and because UC Health is aggrieved by the Board's Order.  29 U.S.C. § 160(f).

**ARGUMENT**

**A.     Standard Of Review**

This Court should set aside the Order if the Board "acted arbitrarily or otherwise erred in applying established law to the facts, or when its findings of fact are not supported by 'substantial evidence' in the record considered as a whole." <u>ConAgra, Inc. v. NLRB</u>, 117 F.3d 1435, 1438 (D.C. Cir. 1997) (citations omitted).

In this case, the facts are undisputed.  The Union narrowly won the election and UC Health refused to bargain in order to test the Union's certification based on the Board's lack of a quorum.  The Order is invalid as a matter of law.

4

**B.     The Board Lacked A Quorum On April 24, 2013 And Had No Authority To Certify The Union Because The Recess Appointments Were Unconstitutional.**

The Supreme Court ruled in <u>NLRB v. Noel Canning</u>, 134 S. Ct. 2550, 2557 (2014), that the recess appointments of Ms. Block, Mr. Griffin, and Mr. Flynn were unconstitutional. Therefore, those appointments were invalid from their inception. The Board accordingly lacked a quorum until August of 2013 when those three seats were filled with Senate-confirmed nominees.

The Board undeniably lacked a quorum on April 24, 2013. As a result, the Board had no authority to certify the Union or to take any other action. <u>See</u> 29 U.S.C. § 153(b); <u>New Process Steel, L.P. v. NLRB</u>, 560 U.S. 674, 680 (2010) (Section 153(b) "requires three participating members 'at all times' for the Board to act."); <u>NLRB v. J.S. Carambola, LLP</u>, 457 Fed. Appx. 145, 149 (3d Cir. 2012) (Board could not certify an election while it lacked a quorum under <u>New Process Steel</u>).

**C.     In The Absence Of A Board Quorum, The Regional Director Did Not Have Authority To Certify The Union.**

In an attempt to circumvent the quorum requirement mandated by Congress, the Board contends the Regional Director could certify the Union on its behalf, notwithstanding the Board's inability to act, because that authority was previously delegated in 1961. (Order at 1 n.2) This contention should be rejected for the following reasons.

5

### 1.     This Court ruled in <u>Laurel Baye</u> that when the Board lacks a quorum, the Board's delegees have no authority to act.

In <u>Laurel Baye Healthcare of Lake Lanier, Inc. v. NLRB</u>, 564 F.3d 469 (D.C. Cir. 2009), this Court addressed whether the Board's delegation of authority could survive a subsequent loss of a quorum.  In that case, the Board tried to delegate all of its authority to a three-member subgroup shortly before the Board's composition was reduced to only two members, both of whom were members of the delegee group.  <u>Id.</u> at 471.  The Board argued that, notwithstanding the Board's lack of quorum, the two remaining members could continue to exercise the power of the Board because the two-member quorum requirement for a delegee group was satisfied.  <u>Id.</u> at 472.

This Court rejected the Board's argument, holding that "[t]he Board cannot by delegating its authority circumvent the statutory Board quorum requirement [of three members], because this requirement must always be satisfied."  <u>Id.</u> at 472–73.  This Court reasoned as follows:

> The strained interpretation by the Board is contrary to basic tenets of agency and corporation law. As the Restatement (Third) of Agency sets forth, an agent's delegated authority terminates when the powers belonging to the entity that bestowed the authority are suspended.  Restatement (Third) of Agency § 3.07(4) (2006). . . .  **In the context of a board-like entity, a delegee's authority therefore ceases the moment that vacancies or disqualifications on the board reduce the board's membership below a quorum.**

6

Id. (emphasis added).  This Court further emphasized that a delegee of the Board

may not exercise authority the Board itself lacks for want of a quorum:

> It must be remembered that the delegee committee does
> not act on its own behalf. The statute confers no authority
> on such a body; it only permits its creation. **The only
> authority by which the committee can act is that of
> the Board. If the Board has no authority, it follows
> that the committee has none. The delegee's authority
> to act on behalf of the Board therefore ceased the
> moment the Board's membership dropped below its
> quorum requirement of three members.**

Id. (emphasis added).

Laurel Baye is controlling in this case.  The delegation of the Board's

decisional authority in representation cases to the Regional Director was made

pursuant to the same statutory provision at issue in Laurel Baye, Section 3(b) of the

NLRA.  Just as in Laurel Baye, this statute confers no independent authority upon

the Regional Director; it merely permits a delegation of **the Board's authority**.

The only authority by which the Regional Director can act is that of the Board.  If

the Board has no authority, then the Regional Director has no authority.

In order for the Board to have authority to act under Laurel Baye, the three

member quorum requirement must be satisfied at all times.  The quorum

requirement cannot be circumvented by a delegation of authority, and a delegee's

authority terminates immediately upon the Board's loss of a quorum.  Therefore,

when the Board's membership fell below a quorum following the unconstitutional

recess appointments, the Regional Director's authority to act on behalf of the Board ended.  As a result, the Regional Director had no authority to certify the Union on April 24, 2013, just as the Board itself could not certify the Union on that date.

### 2.     This Court must follow Laurel Baye.

A three-judge panel of this Court may not overrule Laurel Baye.  LaShawn A. v. Barry, 87 F.3d 1389, 1395 (D.C. Cir. 1996).[2]  That authority lies only with the court en banc.  Id.  "This principle encourages uniformity in the application of legal standards, enhances predictability in decision making, promotes the interests of judicial efficiency and economy, and evinces respect for the efforts of earlier courts that have struggled to educe the appropriate legal norms."  Brewster v. Comm'r, 607 F.2d 1369, 1373 (D.C. Cir. 1979).

Thus, this Court is required to follow its prior ruling in Laurel Baye because this case raises the same issue—a Section 3(b) delegation of authority by the Board, followed by the loss of a Board quorum, followed by the delegee attempting to continue to exercise the Board's authority.  It is immaterial that this

---

[2] This Court has long adhered to intra-circuit stare decisis.  E.g. Roberts v. U.S., 741 F.3d 152, 158 (D.C. Cir. 2014); Khairkhwa v. Obama, 703 F.3d 547, 550 (D.C. Cir. 2012); La. Pub. Serv. Comm'n v. FERC, 522 F.3d 378, 390 (D.C. Cir. 2008); Brewster v. Comm'r, 607 F.2d 1369, 1373 (D.C. Cir. 1979); United States v. Caldwell, 543 F.2d 1333, 1369 (D.C. Cir. 1974); United States v. Bryant, 471 F.2d 1040, 1046 (D.C. Cir. 1972); Thompson v. Thompson, 244 F.2d 374, 375 (D.C. Cir. 1957).

8

case involves a delegation to the Regional Director rather than to a Board

subgroup, because both delegations fall within the purview of Section 3(b) of the

NLRA and are therefore subject to the Board's quorum requirement.

### a.     The Supreme Court has not overruled Laurel Baye.

The Supreme Court's language in footnote four of New Process Steel is

dicta.  560 U.S. at 684, n.4.  The Court did not overrule Laurel Baye.  Rather, the

Court expressly stated that its decision did not address the issue in this case—

whether lack of a Board quorum terminates the authority of non-member delegees,

such as the regional directors.  Id.

### b.     The Board's reliance on non-binding precedent from other circuits is misplaced.

In its Order, the Board claimed that "all of the courts of appeals that have

considered this issue have upheld the principle that Board delegations of authority

to nonmembers remain valid during a loss of quorum by the Board."  (Order at 1

n.2)

But this Court's ruling in Laurel Baye—that delegees of the Board lose

authority immediately upon the Board's loss of a quorum—is binding precedent in

this case.  Even if other circuits reached the conclusion suggested by the Board

(which they have not, as discussed in the following paragraph), this Court would

still be required to follow Laurel Baye.

9

The cases cited by the Board[3] did not reach the conclusion that delegations to **all nonmembers** remain valid during a loss of quorum by the Board. Rather, each of those decisions involved the very specific context of the Board delegating authority to the General Counsel to initiate and prosecute injunction proceedings under Section 10(j) of the NLRA. A delegation to the General Counsel in the Section 10(j) injunction context is different than a delegation to the regional directors, because each relies upon a different source of statutory authority.

Section 3(b) authorizes delegation of decisional authority in representation cases to the regional directors, but requires continued oversight by the Board. 29 U.S.C. § 153(b). On the other hand, Section 3(d) establishes the position of the General Counsel and provides that his duties shall include those prescribed by the Board. 29 U.S.C. § 153(d). As stated in one case cited by the Board, the General Counsel is independent of the Board, and is ultimately responsible to the President and Congress. Osthus, 639 F.3d at 844. Given these different enabling provisions, a delegation to the General Counsel to prosecute Section 10(j) injunctions is not comparable to a delegation to the regional directors for purposes of the quorum requirement issue.

---

[3] Kreisberg v. Healthbridge Mgmt., LLC, 732 F.3d 131 (2d Cir. 2013); Frankl v. HTH Corp., 650 F.3d 1334, 1354 (9th Cir. 2011); Osthus v. Whitesell Corp., 639 F.3d 841, 844 (8th Cir. 2011); Overstreet v. El Paso Disposal, LP, 625 F.3d 844, 853 (5th Cir. 2010).

Accordingly, the cases cited by the Board dealing specifically with a delegation to the General Counsel to pursue Section 10(j) injunctions cannot be extended to support the proposition that delegations to all nonmembers, including regional directors, remain valid during a loss of quorum by the Board. But even if the Board's interpretation of those cases is correct, this Court is nevertheless bound by Laurel Baye.

> **3.    Congress intended the authority of regional directors in representation cases to be subject to the Board quorum requirement.**

As noted in Laurel Baye, "Congress provided unequivocally that a quorum of the Board is three members, and that this requirement must be met at all times." 564 F.3d at 473. This Court held that it could not have been Congress's intent in Section 3(b) to create a Board quorum requirement that must be met at all times, and in the same provision allow the Board to circumvent that requirement by delegating authority to a subgroup. Id. The same logic applies in this case because, in addition to establishing the quorum requirement and authorizing delegations to subgroups, Section 3(b) also authorizes the delegation of decisional authority in representation cases to the regional directors. 29 U.S.C. § 153(b). In other words, just as Congress did not intend the group delegation provision of Section 3(b) to be an exception to its unequivocal three-member quorum

11

requirement, it also did not intend the regional director delegation provision to act as an exception to the quorum requirement.

On its face, Section 3(b) supports this conclusion because it mandates ongoing Board oversight of a delegation to the regional directors:

> The Board is also authorized to delegate to its regional directors its powers under section 159 of this title . . . , except that upon the filing of a request therefor with the Board by any interested person, the Board may review any action of a regional director delegated to him under this paragraph . . . .

Id. (emphasis added).  Accordingly, even where a regional director exercises the authority of the Board in representation cases pursuant to a Section 3(b) delegation, the Board retains authority to review the regional director's actions.  But Board review is impossible without a quorum, which means this provision of Section 3(b) is meaningless if the delegation to the regional director remains valid even without a Board quorum.  This Board oversight component of the regional director delegation provision, which is lacking in the Section 10(j) context, confirms the conclusion that a delegation to the regional directors is subject to the overall Board quorum requirement.

UC Health anticipates that the Board would have this Court disregard Laurel Baye and the above analysis in order "to avoid the inconvenient result of having [its] adjudicatory wheels grind to a halt."  Laurel Baye, 564 F.3d at 476.  But this Court has already rejected this policy argument:

12

> [W]e may not convolute a statutory scheme to avoid an inconvenient result.  Our function as a court is to interpret the statutory scheme as it exists, not as we wish it to be.  Any change to the statutory structure must come from the Congress, not the courts.

Id.

The Regional Director had no authority to certify the Union due to the Board's lack of a quorum.  Accordingly, UC Health had no duty to bargain with the Union.  The complaint should have been dismissed.

## **CONCLUSION**

For each and all of the foregoing reasons, UC Health respectfully requests that this Court grant UC Health's petition for review and deny the Board's cross-application for enforcement.

Respectfully submitted,

/s/ Kerry P. Hastings
Kerry P. Hastings
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, OH  45202-3957
Phone:  (513) 381-2838
Fax:  (513) 381-0205
E-mail:  hastings@taftlaw.com

Attorney for Petitioner UC Health

13

## <u>CERTIFICATE OF COMPLIANCE</u>

In compliance with Federal Rule of Appellate Procedure 32(a)(7)(C), UC Health certifies that this brief complies with Federal Rule of Appellate Procedure 32(a)(7)(B)'s type-volume limitation because the brief contains 3,123 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(a)(7)(B)(iii), and uses proportionally-spaced, 14-point Times New Roman font.

Respectfully submitted,

/s/ Kerry P. Hastings
Kerry P. Hastings
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, OH  45202-3957
Phone:  (513) 381-2838
Fax:  (513) 381-0205
E-mail:  hastings@taftlaw.com

Attorney for Petitioner UC Health

14

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing Petitioner's Opening Brief was electronically filed with the Clerk of Court for the United States Court of Appeals for the District of Columbia Circuit on November 10, 2014 using the appellate CM/ECF system, which will serve Linda Dreeben, Ruth E. Burdick, and Kellie J. Isbell, counsel for Respondent National Labor Relations Board by CM/ECF.

A copy of the foregoing Petitioner's Opening Brief was also served on Kellie J. Isbell, National Labor Relations Board, 1099 14th Street, N.W., Washington, D.C. 20570 via regular United States mail, postage pre-paid this 10th day of November, 2014.

/s/ Kerry P. Hastings
Kerry P. Hastings
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, OH 45202-3957
Phone: (513) 381-2838
Fax: (513) 381-0205
E-mail: hastings@taftlaw.com

Attorney for Petitioner UC Health

15

14511761.1